DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment in favor of appellee city of Toledo on the claims for breach of contract and promissory estoppel made by appellant Firstar Bank, N.A.
 {¶ 2} In early 1997, a representative of the National Foundation for Retirement and Housing Preservation ("Foundation") appeared before the Toledo City Council and asked the city of Toledo ("city") to guarantee a portion of the debt on a loan the Foundation was seeking from Firstar Bank, N.A. ("Firstar") in order to build low-cost housing in Toledo. In April 1997, the city council passed an ordinance directing the city administration to enter into such an agreement with the Foundation. In June 1997, the Foundation and the city entered into a "Funding Agreement" which required the city to provide an initial $230,000 as security to be paid Firstar against any first-year repayment deficiency. The Funding Agreement also provided that, if the Foundation defaulted on the Firstar loan, the mayor would ask city council to appropriate and authorize additional funding to replenish funds drawn down in the previous year, in an amount not to exceed $230,000 per year for a period of nine years. In July 1997, the city council passed an ordinance allocating $230,000 into a reserve fund for the benefit of the Foundation and Firstar, which had loaned the Foundation approximately $8.7 million. In 1998 and 1999, the Foundation defaulted on its obligations to Firstar and by July 1999, Firstar had drawn all of the $230,000 which the city had paid into the reserve. An ordinance was presented to city council in late 1999, requesting appropriation of an additional $159,530.80 for the reserve fund, but city council refused to act upon the proposed ordinance. Additional funds were never appropriated by city council and the Foundation abandoned the housing project in 1999. Since the reserve became depleted, Firstar has made repeated demands.
 {¶ 3} on the city and city council to appropriate and authorize payment of $230,000 per year for up to nine additional years.
 {¶ 4} In May 2001, the city filed an action in the trial court seeking a declaration of its duties and obligations under the 1997 Funding Agreement. Thereafter, Firstar sought a declaration that the Funding Agreement obligated the city and the mayor to authorize funding of as much as $230,000 per year for a period of ten years. Firstar also stated claims for breach of contract and promissory estoppel against the city and the mayor. Firstar and the city eventually filed motions for summary judgment, and on December 2, 2002, the trial court filed its decision granting, inter alia, summary judgment in favor of the city.
 {¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "I. The trial court erred to the prejudice of appellant when it granted the City of Toledo summary judgment on appellant's claim for breach of contract.
 {¶ 7} "II. The trial court erred to the prejudice of appellant when it granted the City of Toledo summary judgment on appellant's claim for promissory estoppel."
 {¶ 8} Upon thorough review of the record, applicable law, appellant Firstar's arguments on appeal, and the decision of the trial court, we find that the trial court correctly considered the pertinent facts and issues in dispute, correctly applied the law to the facts, and rendered judgment accordingly. We therefore adopt the well-reasoned decision of the trial court as our own. (See The City of Toledo v. Firstar Bank, N.A., et al. (Dec. 2, 2002), Lucas C.P. No. CI2001-2905, attached hereto as Appendix A.)
 {¶ 9} Appellant's assignments of error are therefore found not well-taken. On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., concur.